OPINION
{¶ 1} Appellant Marketing Services by Vectra, Inc. appeals a judgment of the Fairfield County Court of Common Pleas awarding appellee damages in the amount of $26,256.18 on a complaint for breach of contract, and dismissing appellant's counterclaim in its entirety, following bench trial:
 {¶ 2} "APPELLANT MSBV IS ENTITLED AS A MATTER OF LAW TO ITS DAMAGES PURSUANT TO CONTRACT AND R.C. 1302.89.
 {¶ 3} "THE TRIAL COURT ERRED IN AWARDING A QUANTUM MERUIT RECOVERY TO THE PLAINTIFF WHERE THERE WAS A CONTRACT GOVERNING THE PARTIES RELATIONSHIP AND NO FINDING OF FRAUD, BAD FAITH OR ILLEGALITY."
 {¶ 4} On September 12, 2000, the parties entered into an oral agreement, whereby appellee was to process printed sheets into Wendy's Halloween coupons for appellant to complete its contract to supply the coupons to Wendy's. The delivery date was to be on or about September 21, 2000. The parties agreed that appellee would process 1.3 million coupons, at a price of .01605 cents per coupon, for a total contract price of $20,865. On September 13, appellant shipped appellee the first load of printed sheets for appellee to process into the coupons. The sheets arrived hay-stacked, rather than jogged. To run printed sheets through bindery machinery, they must be jogged, which is standard in the industry. At the time the contract was entered, appellant did not advise appellee the sheets would be sent hay-stacked. On September 14, appellee sent a fax to appellant informing appellant that if the balance of the skids arrived in the same condition as the first three, there would be an extra charge for jogging. Appellant agreed to pay an extra charge to appellee to jog the sheets.
 {¶ 5} On September 18, the last of the printed sheets were shipped by appellant to appellee for processing. On September 20, appellee shipped 79,800 pieces to appellant. Appellee shipped an additional 218,800 pieces to appellant on September 21. On September 26, and 27, appellee shipped large numbers of the coupons, although it is not clear how many pieces, to appellant. On September 27, appellant picked up from appellee's business approximately twelve skids of sheets, and delivered them to Book Color Bindery to speed up the coupon binding process. This company produced approximately 300,000 coupons. On October 6, appellee shipped the last three skids of completed Wendy's coupons to appellant.
 {¶ 6} On October 9, appellee sent an invoice to appellant for processing 1,136,105 Wendy's coupons for a total of $24,767.09. Because of the delay in receiving the coupon books, appellant spent $25,078.67 in Air Express fees to ship a large quantity of the Halloween coupons to the Wendy's restaurants. A dispute arose between the parties as to payment of the original invoice, and payment of the Air Express costs for shipment.
 {¶ 7} Appellee filed the instant action in the common pleas court seeking damages for breach of contract and unjust enrichment, claiming the delay in shipment was caused by appellant failing to send the sheets jogged rather than hay-stacked. Appellant counterclaimed, seeking to recover costs incurred to ship the coupons by Air Express. Appellee also filed a claim for breach of contract regarding printing of Proctor and Gamble brochures, which the court dismissed, and which is not a part of this appeal.
 {¶ 8} Following bench trial, the court found that appellee was aware of the delivery date of the coupons, and was aware that time was of the essence. The court concluded that appellant was at least partly responsible for the delay, as it failed to ship the printed pieces jogged. The court also found that appellant agreed to a modification of the original contract on September 26, when it supplied appellee with a priority list of items to be processed, which appellee completed on time according to the list. The court also found that 23 percent of the pieces were shipped on time pursuant to the terms of the original contract, and appellant made a profit on the coupon job despite late delivery. The court therefore enforced the original terms of the contract as to compensation, and awarded damages in the amount of $26,256.18. The court dismissed the counterclaim for the Air Express costs, finding that appellant was primarily responsible for the delay in delivery of the coupons.
 I {¶ 9} In its first assignment of error, appellant argues that the court erred in failing to award damages on the counterclaim for costs incurred for shipping coupons to the restaurants via Air Express.
 {¶ 10} Essentially, appellant argues that the court's finding that the delay was primarily caused by appellant is against the manifest weight of the evidence. Where there exists competent and credible evidence supporting the findings and conclusions of the trial court, we must give deference to such findings and conclusions, as the trial judge is best able to judge the credibility of the witnesses and weigh the testimony. Myers v. Garson (1993), 66 Ohio St.3d 610, 614-615.
 {¶ 11} In the instant case, there was evidence that the sheets appellee was to process into coupon books arrived hay-stacked rather than jogged, and had to be changed before appellee began to process the sheets into books. There was evidence from both parties that it is standard in the printing industry for the sheets to be jogged. There was evidence that at the time the contract was entered into, appellant did not advise appellee that the sheets would be sent hay-stacked, and therefore appellee could not assess the time it would take to process the sheets when it agreed to the original deadline. Further, there was evidence that on September 26, Jim Hunsicker, a representative of appellant's business, supplied appellee with a priority list of items to be processed, thereby agreeing to a modification of the original contract. The evidence reflected that appellee completed the project on time according to this priority list.
 {¶ 12} The court's finding that appellant was primarily responsible for the delay and therefore should not be able to recover Air Express shipping costs from appellee is not against the manifest weight of the evidence.
 {¶ 13} The first assignment of error is overruled.
 II {¶ 14} In its second assignment of error, appellant argues that the court erred in awarding damages based on quantum meruit, as the agreement of the parties was covered by a contract.
 {¶ 15} In the judgment of the court filed August 28, 2002, the court specifically states that it is dismissing appellee's complaint as to the claim for unjust enrichment, which was the quantum meruit claim.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} The judgment of the Fairfield County Court of Common Pleas is affirmed.
 Judgment affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY {¶ 18} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to appellant.